UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY BARBOUR,<br><br>    Defendant. | Case No. 2:23-cv-00021-DAD-JDP (PS)<br><br>ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT, GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DISCHARGING THE COURT'S JUNE 9, 2023 ORDER TO SHOW CAUSE<br><br>ECF Nos. 4, 5, & 6 |

Plaintiff filed a first amended complaint asserting claims against Tracy Barbour, an employee at the Placerville Courthouse, together with an application to proceed *in forma pauperis*.[1] His complaint, however, fails to state a claim. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 6, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

---

[1] Plaintiff filed a first amended complaint before I screened his original complaint.

1

1   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
2   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
3   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
4   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
5   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
6   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
7   n.2 (9th Cir. 2006) (en banc) (citations omitted).

8       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
9   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
10  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
11  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
12  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
13  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
14  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

15  **Analysis**

16      Plaintiff's complaint fails to comport with Rule 8's requirement that it present a short and
17  plain statement of plaintiff's claims.  *See* Fed. R. Civ. P. 8(a).  The complaint names Tracy
18  Barbour, a Placerville Court employee, as the defendant and seeks a $500,000 default judgment
19  against her.  *Id.* at 4.  But the complaint neither articulates what action or inaction defendant took
20  against plaintiff nor explains how defendant could be in default as the complaint has yet to be
21  served.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must
22  allege with at least some degree of particularity overt acts which defendants engaged in that
23  support the plaintiff's claim."); *see* Fed. R. Civ. P. 55.  Plaintiff must allege with at least some
24  degree of particularity overt acts of defendant that support his claims.  *Id.*  Currently, a significant
25  portion of plaintiff's allegations are incomprehensible.  For example, the complaint alleges that
26  "the intent injuries of justified trusted public service intently violating A.D.A. guideline, and or
27  humanitarian guidelines of 'due ethics' to an overly wrongful actions of intents encarserations
28

followed by 'harsh' ignorances and built denials of such in the presence of God, and myself to endure in honorable warriors of intent abusive natures by the unethical companies." *Id.*

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 6, is granted.

2. For good cause shown in plaintiff's response, ECF No. 6, the court discharges its June 9, 2023 order to show cause, ECF No. 5.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order will result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   December 4, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3